UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
et al.,

    Defendants.
_____/

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS
PRODUCED BY THE BSG DEFENDANTS
TO THE FEDERAL TRADE COMMISSION

This Stipulated Protective Order concerns the treatment of electronic and hard-copy documents produced or to be produced by Defendants Billing Concepts, Inc. ("BCI"), BSG Clearing Solutions North America, LLC ("BSGNA") and ACI Billing Services, Inc. ("ACI") (collectively, "BSG Defendants" or "BSG"), including their successors, assigns and subsidiaries, to the Federal Trade Commission ("FTC" or "Commission") pursuant to a Rule 45 Subpoena or a document production request issued by the FTC to BSG in the case entitled *FTC v. Nationwide Connections, Inc., et al.,* Case No. 06-80180 (S.D. Fla.) ("discovery documents"). The parties stipulate to this Protective Order in light of the litigated protective order that has been entered by Judge Biery in *FTC v. Nationwide Connections, Inc., et al.,* Civil Action No. SA-06-MC-549-FB.

    **IT IS HEREBY ORDERED THAT:**

1. BSG, in providing discovery material, tangible things, written reports, answers to questions, or oral testimony to the FTC, shall stamp as "CONFIDENTIAL" any page or any portion of any page that it believes in good faith contains: (a) trade secrets; (b) proprietary commercial, financial, or business information of a privileged or confidential nature; (c) information that is personally identifiable for any consumer; or (d) any other materials considered confidential under Fed. R. Civ. P. 26(c)(7) or Section 6(f) of the Federal Trade Commission Act. Any page or any portion of any page so designated shall be treated as "Confidential Discovery Material" for purposes of this Protective Order. By designating information as confidential, BSG is certifying to the Court within the meaning of Federal Rule of Civil Procedure 26(g) that there is a good faith basis both in law and fact for the designation.

2. All material designated "CONFIDENTIAL" produced by BSG to the FTC in this action shall be disclosed only to the following entities, provided they reasonably need to know such information:

   a. To the Court and Court personnel during the course of this litigation;

   b. To professional copying, reproduction, data management, data entry, data processing or document management companies or contractors of the Federal Trade Commission;

   c. To employees of the Federal Trade Commission;

   d. To the Receiver, his attorneys of record, and any professionals or paraprofessionals engaged by the Receiver, including their associates, paraprofessionals, office staff and litigation support assistants who are actively involved in this litigation;

    e.    To the defendants, their officers, directors and employees, and any of their counsel of record and the counsel's associated attorneys and other employees of their law firm(s), provided they are not employees of a defendant.

    f.    To potential witnesses or consultants and their staff personnel who are, or may become, actively involved in this litigation;

    g.    To other Federal or State law enforcement agencies, to the extent that such agencies comply with the requirements set forth in the Commission's Rules of Practice, 16 C.F.R. § 4.11(c), with advance notice to BSG unless the Requestor obtains a Court order to compel disclosure without advance notice;

    h.    To congressional committees and subcommittees, to the extent required by the Commission's Rules of Practice, 16 C.F.R. § 4.11(b), with notice given as required by that section; and

    i.    Pursuant to any Court order, subpoena, document request, interrogatory, or other request for the production of Confidential Discovery Materials ("Request"), provided that upon receipt of any such Request, the FTC shall promptly notify counsel for BSG of the receipt of such Request.

3.    Each person or entity to whom Confidential Discovery Material is disclosed pursuant to Paragraph 2 of this Order shall, as a condition to being furnished Confidential Discovery Material, agree to hold all material as confidential and proprietary to BSG. Before receiving any Confidential Discovery Materials each person or entity must read this Protective Order and acknowledge in writing that he, she, or it agrees to be bound by the terms of this Order.

4. Disclosure of Confidential Discovery Material to any person or entity described in Paragraph 2 of this Order shall be only for purposes of the case styled <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, pending in the United States District Court, Southern District of Florida, Case No. 06-80180-CIV-RYSKAMP-VITUNAC and any related proceedings and any subsequent FTC administrative proceeding involving a substantially similar cause of action, and for no other purpose whatsoever. The Confidential Discovery Material will be protected from disclosure at all times and confidentiality will only be lifted pursuant to the procedures outlined in Paragraph 8 of this Protective Order.

5. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by the FTC of confidential material as provided by: (1) the FTC's Rules of Practice and any cases construing them, (2) Sections 6(f) and 21 of the Federal Trade Commission Act and any cases so construing them; and (3) any other legal obligation imposed upon the FTC.

6. Any pleading, motion, or other paper filed by the FTC with the Court that discloses any Confidential Discovery Materials shall be filed under seal, which shall not expire upon the conclusion of the above-captioned case. Upon conclusion of the case, the seal may be lifted pursuant to the procedures outlined in Paragraph 8 of this Protective Order.

7. If the FTC uses any Confidential Discovery Materials during a deposition, it will request the stenographer or court reporter to separately bind and mark as "Confidential - Subject to Protective Order" the portion of the deposition transcript during which the Confidential Discovery Materials are disclosed or discussed. Any

such confidential portion of a deposition transcript shall be deemed Confidential Discovery Material, subject to the terms of this Protective Order.

8. The FTC may at any time request in writing of BSG that any Confidential Discovery Material be released from the requirements of this Order. BSG shall confer with the FTC, and if the FTC and BSG are unable to reach an agreement on the confidentiality of the material by negotiation, BSG must, within ten (10) days of service of the FTC's written request, move the Court to issue a protective order retaining the "Confidential" designation of material at issue. If no such motion is made within ten (10) days of the FTC's written request, the material at issue will no longer be treated as confidential and protected under this Order. In the event any such motion is made, BSG must establish that the material at issue is entitled to such confidential protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure govern the procedures and burdens for any such motion. The terms of this Order shall continue to apply to such material until the Court rules on the motion.

9. At the time that any consultant or other person retained to assist counsel in the preparation of these actions concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with notes, memoranda, or other papers containing confidential information. At the conclusion of these actions, any subsequent proceedings based thereon, or any related actions, and upon request of BSG, the non-governmental parties shall return or destroy all documents obtained in these actions that contain or refer to confidential matters or information, other than trial transcripts and trial exhibits admitted into evidence (and, if destroyed, shall provide BSG with an affidavit of

destruction); provided, however, that privileged documents or attorney work product need not be returned or destroyed. The FTC shall retain, return, or destroy documents in accordance with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12. The terms of this Protective Order shall continue to apply to all documents retained by any party after the conclusion of these actions.

10.  The FTC and BSG have the right to apply to the Court to modify this Protective Order, or for such other relief as they deem advisable.

DONE AND ORDERED:

Signed this __29__ day of January, 2007.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE