UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING THE FTC'S MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to the FTC's Motion to Compel, filed May 24, 2007 **[DE 500]**. Integretel responded on June 22, 2007 **[DE 541]**. The FTC replied on July 9, 2007 **[DE 563]**. Integretel moved to file a surreply on July 16, 2007 **[DE 568]** to which the FTC responded on July 17, 2007 **[DE 571]**. These motions are ripe for adjudication.

A.    **Whether a Privilege Log Is Required**

Integretel maintains that it need not provide a privilege log unless and until the Court rules on its non-privilege-based objections. Courts have repeatedly rejected this position. The plaintiff made a similar argument in Capital Corp. Mergers & Acquisitions, Inc. v. Arias Co. Ltd., 2006 WL 1208012 (M.D. Fla. 2006), but the court ruled that a privilege log is "generally due at the time of the written discovery response." Id. at *3. See also Green v. Baca, 219 F.R.D 485, 488 (C.D. Cal. 2003) (ordering defendant to compile a privilege log notwithstanding a deferred ruling on defendant's undue burden objection). The one case Integretel cites, In re Circle K Corp., 1996 WL 529399 (Bankr. S.D.N.Y. 1996), is inapposite. In this case, the court

determined that the document production request at issue was, in fact, overly broad, a problem not present here.  Second, that case concerned whether a third-party subpoena recipient had waived any claim of privilege by failing to produce a privilege log in a timely manner.  Here, the FTC does not claim that Integretel has waived any claim of privilege, only that Integretel should produce a privilege log.  Southern District of Florida Local Rule 26.1 provides that a privilege log must be produced when "a claim of privilege is asserted in objecting to any interrogatory or production demand... and an answer is not provided on the basis of such assertion."  Integretel interprets this rule as requiring a log need only be produced when "an answer is not provided solely on the basis of such assertion."  Such is not the rule, however, and the Court rejects the attempt to rewrite it sub silentio.

B.  **Interpretation of Language in Interrogatories**

The FTC's Interrogatories request identification of documents relating to, and individuals with knowledge of, Integretel's interrogatory responses.  The interrogatories ask Integretel to identify all documents that "relate to, all persons who have knowledge of, your response, including the person(s) who responded to the Interrogatory."  Integretel spends the lion's share of its brief trying to deconstruct the phrases "relate to" and "have knowledge of" in an attempt to exempt itself from its discovery obligations.  "The ordinary meaning of [relating to] is a broad one."  Morales v. Transworld Airlines, Inc., 504 U.S. 374, 383 (1992).  Integretel would interpret the language "relating to" as "relating to the PDF file that [it] transmitted to the FTC in response to its discovery requests."  This reading is overly cramped.  The purpose of asking for identification of documents and persons with knowledge it so that the requesting party can ask

3

for production of the documents and depose or interview persons with knowledge.  This unreasonable interpretation defeats the purpose of discovery.  Intrgretel is instructed to respond to discovery requests as they are drafted.

**C.     Undue Burden**

Integretel maintains that complying with the discovery requests would be unduly burdensome and submits declarations from its president and counsel to that effect.  These declarations focused almost exclusively on the expense required in responding to discovery.  The declarations failed to establish how Integretel arrives at its expense calculations, however.  The declarations provide no information about how searching computer records would cost up to $50,000 or how such a search would require developing a new computer search program when such commercial products are already in existence.  "Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate the position with detailed affidavits... [and] cannot rely on simple conclusory assertions about the difficulty of complying with the discovery requests.").  Coker v. Duke & Co., Inc., 177 F.R.D. 682, 686 (M.D. Al. 1998).  Even so, the question of expense is not the end of the inquiry.  See id. at 686 ("a mere showing of burden and expense is not enough").  In light of the relevance of these documents, the fact that the request is only directed toward procedures for investigating complaints, and that the amount in controversy with regard to Integretel is approximately $5 million, Integretel must respond to the discovery request.

4

**D.     Specific Discovery Requests**

Request No. 59 seeks formal statements by Integretel in other cases about unauthorized billing, the very subject matter at issue in this matter. Integretel recognizes the relevance of these documents, but maintains that going through the 13 boxes containing such information is not likely to lead to documents "that would be relevant to any issue in this case..." The FTC should not be denied discovery of statements about past unauthorized billing simply because the FTC did not know of, and hence could not list, every case or proceeding involving Integretel and unauthorized billing.

Integretel essentially concedes that documents covered by Request No. 61 are relevant. Its objections to producing these documents are overbreadth and undue burden. This request is limited to policies and procedures for investigating complaints from the five year period during which Integretel provided various services to at least six companies affiliated with the Nationwide defendants. The FTC is not asking for documents about how Integretel handled, or responded to, each and every complaint received during this time. Rather, the FTC is asking for documents setting forth the policies and procedures for investigating complaints. Accordingly, the request is not unduly burdensome.

Request No. 64 seeks all documents identified in response to the interrogatories. Under its interpretation of "relates to," Integretel contends it is not required to identify the documents sought that pertain to the information in interrogatory answer. The Court does not find this interpretation of the term "relates to" compelling. Integretel must identify the documents that relate to all interrogatory responses, produce nonprivileged documents, and create a log for privileged documents created or communications exchanged before August 8, 2006.

5

Interrogatory No. 10 asks that Integretel state the facts upon which it relies for its affirmative defense that its conduct was in compliance with federal law.  Integretel objects to this interrogatory on the grounds that it contains numerous sub parts, thereby causing the FTC to exceed the allowed number of interrogatories even if this interrogatory could be considered to have subparts, the subparts are logically subsumed within and are necessarily related to the primary question.  See Safeco of America v. Rawston, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  Second, the FTC does not dispute that it has the burden to prove violation of the FTC Act.  Nevertheless, the FTC is still entitled to know the facts supporting Integretel's defense.  If no such facts exist, Integretel must so state.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion to compel, filed May 24, 2007 **[DE 500]** is GRANTED.  It is further

ORDERED AND ADJUDGED that Integretel shall provide a privilege log for all documents and oral communications for which it is asserting the attorney-client privilege or work product doctrine.  The log shall include all documents and attorney-client communications that Integretel has refused to identify in response to the FTC's two sets of document production requests and its answer to the FTC's interrogatories, up to the date of August 8, 2006.  Integretel shall identify all documents that pertain to the information in each of its interrogatory responses and include any privileged documents on a privilege log.  Integretel shall identify all persons who have knowledge regarding the information in each of its interrogatory responses.  Integretel's objections to specific discovery requests are overruled.  Responses to discovery requests shall be due 21 days from the date of this Order.  It is further

6

ORDERED AND ADJUDGED that Integretel's Motion for Leave to File a Surreply, filed July 16, 2007 **[DE 568]** is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 27th day of August, 2007.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE