**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS DUE TO ALLEGED SPOLIATION OF EVIDENCE

THIS CAUSE comes before the Court pursuant to the BSG Defendants' ("BSG") Motion for Sanctions Due to FTC's Spoliation of Evidence, filed October 17, 2007 **[DE 650]**. The FTC responded on November 5, 2007 **[DE 666]**. BSG replied on November 15, 2007 **[DE 687]**. This motion is ripe for adjudication.

The FTC retained Ralph Summerford ("Summerford"), a Certified fraud examiner, on July 9, 2007 to serve as a rebuttal expert witness. At the FTC's request, Summerford drafted a rebuttal report that was produced to BSG on July 23, 2007. In addition to the report, the FTC produced multiple drafts of the report to BSG, which show how the report evolved over time. The drafts show the changes Summerford made to his report after speaking with FTC attorneys. The FTC also produced over a hundred pages of documents that Summerford consulted during the preparation of the report, including correspondence with FTC counsel. At the September 28, 2007 deposition of Summerford, Summerford admitted that he and other members of his firm

who assisted in the preparation of his report destroyed all of the notes they had used in preparing said report and that the FTC did not instruct him to preserve those notes.

BSG contends that these notes were responsive to its second set of requests for production, which were served on the FTC on May 11, 2007, prior to the FTC's retention of Summerford. BSG also stresses that the FTC had previously taken the position that the notes of BSG's experts are subject to mandatory protection under Fed.R.Civ.P. 26(a)(2). BSG claims that the destruction of Summerford's notes has severely prejudiced its ability to cross examine Summerford on the substance of his opinions as well as his credibility. BSG requests that Summerford's testimony be excluded, or, at a minimum, that the Court allow an adverse inference to be drawn regarding the substantive testimony and credibility of Summerford due to his alleged intentional destruction of evidence.

The FTC acknowledges that the notes Summerford discarded were likely discoverable and should have been preserved. The FTC contends that Summerford erred and wrongly concluded that the document retention policy in place at his firm entitled him to discard notes he no longer needed. The FTC contends that such a mistake on the part of Summerford does not justify the imposition of sanctions.

The Eleventh Circuit has held that "sanctions for spoliation of evidence are appropriate only when the absence of that evidence is predicated on bad faith... mere negligence in losing or destroying records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." Kimbrough v. City of Cocoa, 2006 WL 3500873 at *3 (M.D. Fla., Dec. 4, 2006) (citing Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (internal citations omitted)). Florida based federal courts look to Florida law for guidance on when to

impose sanctions for spoliation. See Octowave Co. v. Nikitin, 2006 WL 3231422, at *8 (M.D. Fla., Nov. 7, 2006) ("although Federal law controls spoliation sanctions, the Court's opinion may be 'informed' by State law, as long as it is consistent with federal law, because federal law in the Eleventh Circuit does not set forth specific guidelines on spoliation.") (citing Flury v. DaimlerChrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005)). Under Florida law, the party claiming spoliation must demonstrate not only that the evidence existed at one time and that the spoliator had a duty to preserve the evidence but also that the "evidence was critical to [the party] being able to prove its prima facie case or a defense." Octowave, 2006 WL 3231422, at *8.

BSG's motion does not argue that Summerford's notes were "critical" to any of its defenses. BSG's failure to argue this point left the FTC to guess which of BSG's 15 remaining affirmative defenses it believes were impacted by Summerford's actions. Requiring the FTC to perform such guesswork would result in fundamental unfairness to the FTC and is one of the reasons the Court does not allow litigants to introduce new arguments in reply briefs. See Herring v. Secretary, Department of Corrections, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[A]rguments raised for the first time in the reply brief are not properly before a reviewing court.")(internal citations omitted).

BSG's motion also fails to argue that the destruction of the notes constituted bad faith. As noted, and the Eleventh Circuit, a finding of bad faith is a prerequisite to the imposition of sanctions for spoliation of evidence. See Bashir, 119 F.3d at 931. Nothing in the record even suggests that Summerford destroyed his notes in bad faith. Rather, Summerford testified that, consistent with the document retention policy in place at his firm, he discarded his notes because he had used the information contained within and no longer needed them. See Summerford

Page 4

Depo., 47-48, 67 ("If it's not needed by me, and once I've utilized the information, I do not maintain handwritten sketch notes that I have used," which is "firm practice").

BSG's motion fails even to mention the issues of bad faith or the alleged "critical" nature of the destroyed evidence. The Court will not allow BSG to use its reply brief to make these points for the first time. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Sanctions Due to FTC's Spoliation of Evidence, filed October 17, 2007 **[DE 650]** is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 19 day of December, 2007.

_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE