UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-80180-CIV-RYSKAMP

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,
BILLING CONCEPTS, INC.,
ACI BILLING SERVICES, INC., d/b/a OAN,
BSG CLEARING SOLUTIONS
NORTH AMERICA, LLC,
THE BILLING RESOURCE
d/b/a INTEGRETEL,

Defendants.
_____/

APPLICATION OF DANNING, GILL, DIAMOND & KOLLITZ, LLP, AS SPECIAL
BANKRUPTCY COUNSEL IN CALIFORNIA TO THE RECEIVER, FOR ORDER
APPROVING 2008 COMPENSATION ON FINAL BASIS AND CONFIRMING
APPROVAL OF 2007 INTERIM COMPENSATION ON FINAL BASIS;
MEMORANDUM OF LAW IN SUPPORT THEREOF; DECLARATION
OF HOWARD KOLLITZ IN SUPPORT THEREOF; AND, CERTIFICATION
UNDER LOCAL RULE 7.1.A.3.

TO THE HONORABLE KENNETH L. RYSKAMP, UNITED STATES DISTRICT JUDGE:

Pursuant to the Amended Preliminary Injunction Order [USDC Docket Entry # 223]

entered in the above captioned action ("this Action") by this District Court on September 25,

2006 ("the September 26, 2006 Order"), David R. Chase, as the Receiver in this Action ("the

Receiver"), employed Danning, Gill, Diamond & Kollitz, LLP, a partnership composed of

professional corporations ("the Applicant" or "DGD&K"), located at 2029 Century Park East,

Third Floor, Los Angeles, California 90067, to serve as the Receiver's special bankruptcy

counsel in California. DGD&K hereby respectfully submits to this District Court its Application

For Order Approving 2008 Compensation On A Final Basis And Confirming Approval Of 2007

Interim Compensation On A Final Basis ("this Application")[1]:

## PROCEDURAL BACKGROUND

On February 27, 2006, the Federal Trade Commission ("the FTC") filed in this District

Court an Ex Parte Complaint For Injunctive And Other Equitable Relief ("the Complaint") along

with a Memorandum Of Points And Authorities In Support Thereof Against Nationwide

Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Willoughby

---

[1] Applicant previously filed with this District Court one other application for 2007 compensation
on an interim basis. In March of 2008 **[USDC Docket Entry #772]** DGD&K filed its
Application Of Danning, Gill, Diamond & Kollitz, LLP, As Special Bankruptcy Counsel To The
Receiver For Order Approving 2007 Interim Compensation ("the 2007 Application"). The 2007
Application was granted by Order of this District Court entered on March 7, 2008 **[USDC
Docket Entry #774]** in this Action ("the March 2008 Order"). DGD&K's representation of the
Receiver has, for the most part, now been concluded as of the date of the filing of this
Application. This Application seeks compensation in connection with services furnished in 2008,
and prior to October 1, 2008 (in addition to confirmation on a final basis of the approval of
the 2007 compensation in the amount of **$412,224.11** for 2007 fees and costs approved and paid
to DGD&K on an interim basis pursuant to the March 2008 Order). In the future, DGD&K
reserves its right, if any, to apply to this District Court for approval of compensation earned on
and after October 1, 2008 if, and only if, the Receiver authorizes and approves additional
services beyond those described in this Application or in the 2007 Application <u>and</u> the authority
of the Receiver to compensate DGD&K in an aggregate additional amount not to exceed $5,000,
as hereinafter described, is insufficient.

Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha and Qaadir Kaid (collectively, "the Receivership Entities" or "the Defendants") thereby commencing this Action. **[USDC Docket Entry # 3]** The FTC claimed that the Defendants conducted a massive fraudulent billing scheme known as "cramming" which generated more than $25 million in bogus call charges collected from hundreds of thousands of consumers since at least January of 2004. The Complaint of the FTC requested, among other relief, the entry of a temporary restraining order and the appointment of a receiver.[2]

On February 27, 2006, this District Court entered its Temporary Restraining Order And Order To Show Cause ("the TRO") which also appointed the Receiver to marshal assets of Nationwide Connections, Inc. ("NCI") for the benefit of the victimized consumers **[USDC Docket Entry #18]**. A Preliminary Injunction Order entered on March 8, 2006 replaced the TRO and this District Court expanded the receivership to include the remaining Receivership Entities **[USDC Docket Entry # 29]**. The September 25, 2006 Order replaced the March 8, 2006 Preliminary Injunction Order **[USDC Docket Entry #223]**.

---

[2] See, the Memorandum Decision Re Order To Show Cause Regarding Preliminary Injunction entered on November 2, 2007 ("the November 2, 2007 USBC Decision") by the United States Bankruptcy Court for the Northern District of California, San Jose Division ("the Bankruptcy Court"), in Bankruptcy Case No. 07-52890-ASW ("the Bankruptcy Case") for The Billing Resource, a California corporation doing business as Integretel, as Chapter 11 debtor and debtor in possession ("Integretel"). A copy of the November 2, 2007 USBC Decision is included as Exhibit "A" in the Receiver's And Integretel's Joint Status Report filed on November 6, 2007 with this District Court ("the Joint Status Report"), at Pages 32 through 93, inclusive, **[USDC Docket Entry #677]**. The Receiver did not agree with the Bankruptcy Court's factual characterizations, findings and conclusions in the November 2, 2007 USBC Decision, resulting in intense litigation and appeals in California concerning the Bankruptcy Court's findings and conclusions. A settlement has now been reached between Integretel and the Receiver, and authorized by Order of this District Court entered on October 29, 2008 **[USDC Docket Entry #820]**.

On or about September 21, 2006, the FTC filed in this District Court an amended complaint ("the Amended Complaint") which, among other things, added The Billing Resource, a California corporation doing business as Integretel ("Integretel"), as one of the Defendants in this Action **[USDC Docket Entry # 255]**. Integretel claimed that it performs data processing, account reconciliations and similar services in the telecommunications industry.[3]

On Friday, September 14, 2007, this District Court entered its Omnibus Order ("the Omnibus Order"). Based upon the Omnibus Order **[USDC Docket Entry # 610]**, the Receiver asserted that Integretel was holding $1,762,762.56 as constituting property of the Receivership Estate in this Action which should be turned over by Integretel to the Receiver.[4] Integretel denied such contentions and denied liability to the Receiver. On Sunday, September 16, 2007, Integretel filed an original voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case in the Northern District of California. A trustee was not appointed to serve in the Bankruptcy Case, and Integretel operated its business as a debtor in possession, pending consummation of a sale of its business.[5]

On September 20, 2007, this District Court entered its Order Staying Proceedings Against Defendant The Billing Resource D/B/A Integretel ("the September 20, 2007 Order") **[USDC Docket Entry # 617]**.[6] On September 21, 2007, upon the Motion of the FTC, this District Court entered its Order Granting Motion For Clarification As To Scope Of Stay ("the Clarification Order") whereby, among other things, this District Court vacated its September 20, 2007 Order

---

[3] See, the Joint Status Report **[USDC Docket Entry #677]**.

[4] See, the Joint Status Report **[USDC Docket Entry #677]**.

[5] See, the Joint Status Report **[USDC Docket Entry #677]**.

[6] See, the Joint Status Report **[USDC Docket Entry #677]**.

and iterated its prior directives of September 14, 2007 to the effect that Integretel must turn over
the $1,762,762.56 to the Receiver and appear before this District Court and show cause why
Integretel should not be held in contempt.[7] **[USDC Docket Entry # 619]** Integretel took appeals
from both the Omnibus Order and the Clarification Order to the United States Court of Appeals
for the Eleventh Circuit ("the 11th Circuit"). **[USDC Docket Entry # 620]** On September 19,
2007 Integretel, as the Plaintiff, commenced Adversary Proceeding No. 07-5156 in the
Bankruptcy Case against the Receiver and the FTC, as Defendants, seeking injunctive relief with
respect to the Omnibus Order and the Clarification Order ("the Bankruptcy Adversary
Proceeding").[8] Integretel amended its complaint in the Bankruptcy Adversary Proceeding to
seek declaratory relief as to the ownership of the $1,762,762.56.

     The commencement of the Bankruptcy Case by Integretel resulted in, among other
things, intense litigation as well as pending appeals involving the Receiver and/or the FTC, on
the one hand, and Integretel, on the other hand, in this District Court, in the Bankruptcy Court, in
the United States District Court for the Northern District of California, San Jose Division ("the
California District Court"), in addition to the Appeals in the 11th Circuit.[9] DGD&K represents
the Receiver in the Bankruptcy Court and in the California District Court.

     As previously pointed out and as will hereinafter be discussed in detail, DGD&K assisted
the Receiver in the extensive negotiations with Integretel and the FTC resulting in a settlement of
all disputes between the Receiver and Integretel, in conjunction with a settlement reached
contemporaneously between the FTC and Integretel. By Order entered on October 29, 2008, the

---

[7] See, the Joint Status Report **[USDC Docket Entry #677]**.

[8] See, the Joint Status Report **[USDC Docket Entry #677]**.

[9] See, the Joint Status Report **[USDC Docket Entry #677]**.

Receiver was authorized by this District Court to settle with Integretel. **[USDC Docket Entry #820]**

## RETENTION OF DGD&K

In response to the commencement of the Bankruptcy Case, the Receiver contacted DGD&K in September of 2007 on an "emergency basis" and engaged DGD&K, as special bankruptcy counsel, to represent the Receiver in connection with the Bankruptcy Case, thereafter in connection with the Bankruptcy Adversary Proceeding, and thereafter in connection with the pending appeals in the California District Court.

DGD&K is located in Los Angeles, California, and has been continuously engaged in the practice of law since 1953. DGD&K concentrates its practice in the areas of bankruptcy, insolvency, reorganization, debtor-creditor law, trustee administration, receivership administration, the representation of fiduciaries, as well as related litigation and trial work. Four (4) of the lawyers affiliated with DGD&K serve on the panel of bankruptcy trustees for the Central District of California, having been selected by the Office of the United States Trustee (as a division of the United States Department of Justice) to administer bankruptcy estates. DGD&K has extensive experience in representing receivers in equity receiverships.

In every case where DGD&K represents a client involved in a dispute, DGD&K always tries to avoid litigation through reasonable settlement.

The legal services provided to the Receiver, as special bankruptcy counsel in California with regard to disputes with Integretel, have been provided almost exclusively through Howard Kollitz, Walter K. Oetzell and Steven J. Schwartz. Mr. Kollitz has been practicing law in

California since 1974. Mr. Oetzell has been practicing law in California since 1983. Mr. Schwartz has been practicing law in California since 1997. [10]

DGD&K was engaged on the basis that it would apply to this District Court for approval of its compensation as special bankruptcy counsel to the Receiver. DGDK has, since its retention, provided the Receiver with detailed billing statements, which specifically set forth the services performed on behalf of the Receiver to the 1/10th of an hour as well as set forth itemized lists of expenses incurred, each and every month (collectively, "Monthly Billing Statements"). Attached hereto as Exhibits "2" through "10", inclusive, and, by this reference, fully incorporated herein are redacted copies of the Monthly Billing Statements which were delivered to the Receiver on or about the dates set forth therein, that is, on February 13, 2008, on March 12, 2008, on April 8, 2008, on May 8, 2008, on June 5, 2008, on July 9, 2008, on August 7, 2008, on September 5, 2008 and on October 7, 2008 (collectively, "the 2008 Monthly Billing Statements"). The 2008 Monthly Billing Statements evidence and identify the amount of time

---

[10] David R. Chase was familiar with DGD&K because he had served as an expert witness for one of DGD&K's other clients, a lawyer affiliated with DGD&K (Richard K. Diamond) who is serving as a trustee in the bankruptcy case for IVDS Interactive Acquisition Partners, as Chapter 7 debtor ("the Unrelated IIAP Case"). Mr. Chase was employed in the Unrelated IIAP Case pursuant to an Order entered on June 15, 1999 by the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, based upon an employment application which disclosed that a lawyer then employed by DGD&K was a cousin of Mr. Chase and was familiar with Mr. Chase's background, experience and expertise. Mr. Chase testified as an expert witness on issues involving fraudulent telemarketing schemes as well as Florida securities laws during a two week jury trial in the United States District Court for the Central District of California, Los Angeles Division, in April of 2007. DGD&K was successful in obtaining a money judgment on May 10, 2007 in favor of its client based upon a jury verdict in amounts in excess of $7,100,000.00. Pursuant to Orders of the Court entered in the Unrelated IIAP Case upon Mr. Chase's applications, Mr. Chase was paid in full for his services as an expert witness. DGD&K has no connections with Mr. Chase other than as set forth herein. DGD&K has no connections with the Receiver, any party to this Action, the Bankruptcy Case or Integretel, other than DGD&K's representation of the Receiver as his special bankruptcy counsel in California.

spent in DGD&K's representation of the Receiver during the period of time on and after January 1, 2008 to and including September 30, 2008 as well as expenses incurred by DGDK in connection with such legal services.   However, as hereinafter explained in greater detail, the copies of the 2008 Monthly Billing Statements have been redacted to protect the rights and privileges of the Receiver.  The originals of the 2008 Monthly Billing Statements are in the possession of the Receiver and, of course, have not been redacted.

**COMPENSATION PAID TO DGD&K PURSUANT**

**TO THE 2007 APPLICATION**

As previously discussed, DGD&K's 2007 Application was granted by this District Court's March 2008 Order **[USDC Docket Entry #774]**.  Pursuant to the March 2008 Order, the Receiver has paid to DGD&K, on an interim basis, **$388,543** in fees plus **$23,681.11** as reimbursement for expenses in connection with legal services provided to the Receiver prior to January 1, 2008.  In its 2007 Application, DGD&K voluntarily elected not to seek compensation for **75.3 hours of billable time in 2007** which had an additional dollar value of **$38,161.00.**

By this Application, in addition to the requests for 2008 compensation hereinafter set forth, DGD&K hereby requests this District Court to confirm, on a final basis, the approval of the **$388,543** in 2007 fees plus the **$23,681.11** in 2007 expenses heretofore paid on an interim basis by the Receiver to DGD&K, as and for compensation earned prior to January 1, 2008.  To the extent necessary or appropriate, DGD&K, by this reference, hereby fully incorporates herein the 2007 Application **[USDC Docket Entry #772]** and the March 2008 Order thereon **[USDC Docket Entry #774]**, and requests this District Court to take judicial notice of the contents of same.

## LIMITATIONS ON DESCRIPTIONS IN THIS APPLICATION CONCERNING THE

## LEGAL SERVICES PROVIDED TO THE RECEIVER BY DGD&K

Given the pending status of the consummation of the settlement concerning all litigation

and appeals in California involving the Receiver, on the one hand, and Integretel, on the other

hand, DGD&K continues to have obligations to protect the Receiver's attorney-client privilege,

the Receiver's rights under the attorney work product doctrine, the Receiver's rights of

confidentiality as well as any and all other rights and privileges of the Receiver so as not to

prejudice the Receiver.

**Of course, if this District Court determines that it is necessary or appropriate,**

**DGD&K is ready, willing and able to provide this District Court under seal or during *in***

**camera proceedings with any and all information concerning DGD&K's representation of**

**the Receiver. DGD&K knows that the Receiver is an "agent" of this District Court.**

In addition, the Bankruptcy Court has entered an Order which states that the Receiver

(and the Receiver's counsel) cannot unilaterally file a "status report" with this District Court but,

rather, any "status report" must be filed "jointly with Integretel." DGD&K takes the position

that this Application is not a "status report". In any event, DGD&K believes that the Bankruptcy

Court has not entered, and could not enter, any Order which prohibits or restricts the Receiver or

his professionals from seeking compensation in this District Court.[11]

In May of 2008, DGD&K, the Receiver, the Receiver's general counsel (Tew Cardenas

LLP), Integretel and Integretel's counsel were all requested by the Plaintiff in this Action, the

FTC, to travel to the FTC's offices in Washington, D.C. to engage in face to face settlement

---

[11] See, the Joint Status Report [**USDC Docket Entry #677**].

negotiations among the three parties. As a result of those discussions and negotiations at the Washington, D.C. offices of the FTC and subsequent discussions and negotiations in which DGD&K assisted the Receiver, settlements, subject to a number of conditions including, among others, the approval of this District Court upon separate motion, were entered into involving the Receiver, Integretel and the FTC. The terms of the settlements were the subject of the Motion For Authority To Compromise filed with this District Court on September 25, 2008. On October 29, 2008, this District Court entered its Order authorizing the Receiver to enter into the settlement with Integretel [USDC Docket Entry #820], based upon the Receiver's motion [USDC Docket Entry #817]. Among other provisions of the settlement between Integretel and the Receiver is a provision which requires that the Receiver be granted an allowed claim of $1,762,762.56 in the Bankruptcy Case and immediately receive cash distributions, on account of such allowed claim, of at least $650,000.[12]

## EXPLANATION OF THE CALCULATION OF DGD&K'S
## REQUESTED 2008 COMPENSATION

As previously discussed, DGD&K has extensive experience in, among other areas of practice, representing receivers, as well as representing trustees serving in bankruptcy cases. Attached hereto as **Exhibit "1"** and, by this reference, incorporated herein is a copy of that certain letter dated November 30, 2007 from DGD&K addressed to the Office of the United States Trustee for the Central District of California, together with a copy of DGD&K's 2008

---

[12] In August of 2008, the Bankruptcy Court entered its Order authorizing Integretel to enter into the settlement with the Receiver.

Schedule of Rates for Professionals ("the 2008 Hourly Billing Rate Schedule") referred to in the November 30, 2007 letter.[13] Consistent with the 2008 Hourly Billing Rate Schedule, in this Application, DGD&K has charged **$565** per hour for the 2008 services of **Howard Kollitz** (practicing law since 1974, with an hourly billing rate of $550 for 2007), **$495** per hour for the 2008 services of **Walter K. Oetzell** (practicing law since 1983, with an hourly rate of $475 for 2007) and **$370** per hour for the 2008 services of **Steven J. Schwartz** (practicing law since 1997, with an hourly billing rate of $345 per hour for 2007).

DGD&K is informed and believes that its 2008 regular hourly rates, as set forth in the 2008 Hourly Billing Rate Schedule, are higher than the 2008 hourly billing rates for lawyers with similar levels of experience who practice in the Southern District of Florida. However, DGD&K is confident that its 2008 hourly billing rates are comparable to, or lower than, the 2008 billing rates of other lawyers with similar experience practicing in the same areas of law in the Central District of California and/or in the Northern District of California (where the Bankruptcy Case for Integretel is pending).

By way of illustration only, in an application filed in the Bankruptcy Case in 2007 by Sheppard, Mullin, Richter & Hampton, LLP ("SMR&H"), as bankruptcy counsel to Integretel in the Bankruptcy Case, SMR&H advised the Bankruptcy Court that it should be compensated on the basis of at least $695 per hour for Michael H. Ahrens (who was admitted to practice law

---

[13] DGD&K's rates for reimbursement of expenses in 2008 were the same as the rates for 2007 (as set forth in the 2007 Application).

in 1970), $550 per hour for Steven Sacks (who was admitted to practice law in 1981) and $475 per hour for Jeffrey K. Rehfeld (who was admitted to practice law in 1997).[14]

By way of further illustration only, based upon an application filed in the Bankruptcy Case in 2007 by Pachulski, Stang, Ziehl & Jones, LLP ("PSZ&J"), as counsel to the Committee of Creditors Holding Unsecured Claims in the Bankruptcy Case ("the Committee"), PSZ&J advised the Bankruptcy Court that it should seek to be compensated on the basis of at least $550 per hour for John D. Fiero (who was admitted to practice law in 1988) and $450 per hour for Maxim B. Litvak (who was admitted to practice law in 2001).

While the number of years of experience of a lawyer should be only one of many considerations in fixing an hourly rate for a lawyer, DGD&K would submit that the number of years of experience in the practice of law is certainly an important criterion for purposes of determining a reasonable hourly rate.

## DGD&K'S REQUEST FOR 2008 COMPENSATION

By this Application, DGD&K requests that the Receiver be authorized to pay DGD&K on a final basis, in addition to the 2007 compensation authorized and paid under the March 2008

---

[14] DGD&K received notice that SMR&H sought approval of $1,018,050.00 in compensation for the period of time from September 14, 2007 through December 31, 2007 in the Bankruptcy Case, in addition to compensation sought by other professionals employed by Integretel including, among other applications, $309,937.92 in compensation which Tighe, Patton, Armstrong, Teasdale, PLLC ("Tighe Patton") requested be paid to it in the Bankruptcy Case. DGD&K believes that Tighe Patton's services to Integretel, as special counsel, primarily relate to disputes between Integretel, on the one hand, and the Receiver and/or the FTC, on the other hand, in courts located outside of California.

Order of this District Court, **$307,859.00 in fees plus $17,235.93**[15] **as reimbursement for expenses.**

**DGD&K has elected not to seek compensation for 97.3 billable hours of time in the rendition of legal services to the Receiver, during the period of January 1, 2008 through September 30, 2008, with a dollar value of $48,785.00.**

The 2008 professional services furnished by DGD&K to the Receiver, as well as the necessary and reasonable expenses related to those legal services, are set forth in detail in the Monthly Billing Statements (attached hereto as **Exhibits "2" through "10", inclusive**). The Monthly Billing Statements were prepared based upon daily electronic time records input directly into DGD&K's billing system by the lawyers providing the services. As previously discussed, the originals of the Monthly Billing Statements are in the possession of the Applicant's client, the Receiver, and have not been redacted. The Monthly Billing Statements set forth in detail the services furnished, the lawyer providing the services, the time expended, the hourly charge to the tenth of an hour, as well as the itemized list of expenses reasonably and necessarily associated with those legal services. The 2008 professional fees earned by DGD&K, for which compensation is requested by this Application, may be summarized by professional as follows:

[15] DGD&K is not seeking reimbursement for certain travel related expenses or reimbursement for any facsimile charges.

## SUMMARY OF 2008 LEGAL FEES BY DGD&K PROFESSIONAL
(January 1, 2008 through September 30, 2008)

| Lawyer: | Hourly Rate: | Hours: | Fees: |
| --- | --- | --- | --- |
| Howard Kollitz | $565 | 205.6 | $116,164.00 |
| Richard K. Diamond[16] | $565 | 0.7 | $ 395.50 |
| Walter K. Oetzell | $495 | 256.2 | $126,819.00 |
| Steven J. Schwartz | $370 | 189.3 | $ 70,041.00 |
| V.G. Radocay (paralegal) | $185 | 1.9 | $ 351.50 |

Sub-Totals: ........................................ 653.7 (Hours)[17] ........ $313,771.00 (Fees)

[Less Additional Adjustment of $5,912.00[18] ................................ - $ 5,912.00]

### TOTAL 2008 LEGAL FEES REQUESTED: .... 653.7 (HOURS) ......... $307,859.00 (FEES)

---

[16] Richard K. Diamond has been practicing law continuously since 1976, and his 2008 hourly billing rate is $565 per hour.

[17] It should be noted again that DGD&K has elected not to seek compensation for 2008 billable time which includes, among other time expenditures, time strictly attributable to travel time by any DGD&K lawyer between the Offices of DGD&K in Los Angeles, California and the Bankruptcy Court located in San Jose, California wherein the Bankruptcy Case is pending.

[18] The Receiver requested that DGDK not charge for any of its time in connection with the preparation of this Application.

The 2008 expenses incurred by DGD&K for which compensation is requested by this Application may be summarized by category as follows:

## SUMMARY OF 2008 DGD&K EXPENSES BY CATEGORY
(January 1, 2008 through September 30, 2008)

| | |
|---|---|
| Federal Express | $595.42 |
| Telephone Conference Calls | $824.70 |
| Copy Expense ($ .20 per page) | $5,233.80 |
| Telephone - Long Distance | $137.65 |
| Mileage ($ 0.485 per mile) | $73.90 |
| Parking | $114.00 |
| Postage | $99.31 |
| PACER Court Search Service Charges | $416.48 |
| Facsimile - Incoming ($ 0.20 per page) | $ N/C |
| Facsimile - Outgoing ($1.00 per page) | $ N/C |
| Travel Expense (Airfares and Lodging) | $2,510.70 |
| USBC Hearing Transcripts | $1,096.90 |
| Westlaw On-line Research | $6,133.07 |
| **TOTAL 2008 EXPENSES** | **$17,235.93**[19] |

---

[19] DGD&K elected not to seek compensation for certain travel related expenses. Also, DGDK is not seeking compensation for any facsimile transmissions.

## REQUEST FOR LIMITED AUTHORITY FOR RECEIVER TO COMPENSATE
## DGD&K IN CONNECTION WITH POST SEPTEMBER 30, 2008 LEGAL SERVICES

As previously discussed, pending consummation of the settlement between the Receiver
and Integretel, the Receiver may require DGD&K to perform additional legal services.
DGD&K, by this Application, also requests this District Court to grant to the Receiver the
limited authority, without further Order of this District Court, to compensate DGD&K for
additional legal services and related expenses in amounts up to an aggregate, total amount of
**$5,000** for fees and expenses associated with legal services furnished by DGD&K to, and the
request of, the Receiver on and after October 1, 2008; **provided**, **however**, that the Receiver, in
his business judgment, must determine that such compensation would be reasonable and
appropriate and; **provided**, **further**, that DGD&K will retain the right, if any, to seek from this
District Court additional compensation by supplemental application for legal services furnished,
and related expenses incurred, on or after October 1, 2008 to, and at the request of, the Receiver.

## CONCLUSION

Based upon the information set forth in the 2007 Application, and supporting papers, as
well as this Application, the attached Memorandum of Law, the attached Declaration of Howard
Kollitz and the attached Exhibits, DGD&K respectfully requests that this District Court enter its
Order in the form of the proposed Order attached to this Application as **Exhibit "14"**:  (1)
Confirming approval on a final basis of the 2007 compensation in the total amount of
**$412,224.11** previously paid to DGD&K on an interim basis pursuant to the Order entered on
March 7, 2008 **[USDC Docket Entry #774]**, in connection with legal services provided to the

Receiver prior to January 1, 2008; (2)  authorizing the Receiver to pay DGD&K the additional sum of **$307,859.00** for 2008 fees, plus the additional sum of **$17,235.93** as reimbursement for 2008 expenses associated with the legal services provided to the Receiver for the period of time on and after January 1, 2008 to and including September 30, 2008;  (3)  granting the Receiver the limited authority to compensate DGD&K, without further Order of this District Court, for an amount not in excess of the aggregate, total amount of **$5,000** for fees and expenses associated with legal services and related expenses provided to, and at the request of, the Receiver by DGD&K on or after October 1, 2008, subject to the right, if any, of DGD&K to seek additional compensation for fees and expenses associated with legal services furnished on or after October 1, 2008 upon supplemental application to this District Court with appropriate prior notice; and, (4)  granting to DGD&K such other and further relief as may be determined to be just and proper in the premises.

Dated, on this 4th day of November, 2008, at Los Angeles, California.

Howard Kollitz [pro hac vice] for
Danning, Gill, Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067
Telephone: 310.277.5735
Facsimile: 310.277.5735
Email: HKollitz@dgdk.com

## MEMORANDUM OF LAW IN

## SUPPORT OF APPLICATION OF DGD&K

In determining compensation for lawyers, it has been held that a court must: (1) determine the nature and extent of the services rendered; (2) determine the value of those services; and, (3) consider the twelve (12) factors set forth in the opinion in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See, Grant v. George Schumann Tire and Battery Company, 908 F.2d 874, 877-878 (11th Cir. 1990) [case which addressed issue of attorneys' fees generally]. Using the twelve (12) factors set forth by the court in the Johnson Case, the following analysis of DGD&K's professional services in 2008 for the Receiver could be made:

(1) **The time and labor required**. A very brief review of events in 2007 is required to give context to the 2008 time and labor expended by DGD&K. As set forth in the Joint Status Report, Integretel commenced the Bankruptcy Case [on Sunday, September 16, 2007] "promptly after receiving the Omnibus Order [on Friday, September 14, 2007]" of this District Court.[20] Integretel then filed an "emergency" motion to use "cash collateral" [cash and cash equivalents then in the possession of Integretel] to operate its business, and for other relief. The Bankruptcy Court held a hearing on Integretel's "emergency" motion on September 21, 2007. The "emergency" motion created the risk that Integretel would actually spend the $1,762,762.56 notwithstanding this District Court's Omnibus Order and Clarification Order. DGD&K was required to immediately take action, file opposition to Integretel's "emergency" motion, and appear at a hearing in the Bankruptcy Court on September 21, 2007. Hearings on the continued

---

[20] See, the Joint Status Report **[USDC Docket Entry #677]**.

use of cash collateral by Integretel thereafter were convened every two or three weeks.[21]

DGD&K was successful in obtaining a stipulation with Integretel whereby the $1,762,762.56 has

been sequestered in a "blocked account" subject, however, to the rights of Integretel or the

Receiver to seek to "unblock" the $1,762,762.56.[22]  With respect to the efforts of the Receiver to

"unblock" and obtain the $1,762,762.56, it has previously been pointed out that the Bankruptcy

Court, in the context of the Bankruptcy Adversary Proceeding commenced on September 19,

2007 by Integretel against the Receiver and the FTC, entered stays and an injunction against the

Receiver stating that the Receiver was prohibited from enforcing the Omnibus Order against

Integretel.[23]  DGD&K on behalf of the Receiver, appealed the Bankruptcy Court's injunction to

the California District Court.

During 2008, as set forth in detail in DGDK's monthly billing statements filed herewith

(as Exhibits "2" through "10", inclusive, attached hereto) DGD&K continued to defend the

Receiver's rights in and to the sequestered $1,762,762.56 and, ultimately, such efforts resulted in

the settlement which the Receiver could recommend to this District Court for approval.

(2) **The novelty and difficulty of the questions**.  DGD&K would submit that the

November 2, 2007 USBC Decision, which is included in the Joint Status Report **[USDC Docket**

**Entry #677]** demonstrates the continuing challenges and difficulties associated with the

representation of the Receiver during 2008.  In addition, in the context of settlement negotiations in

2008, DGD&K was obliged to address, on behalf of the Receiver, legitimate concerns of the FTC.

---

[21] It should be noted that Integretel, in October of 2007, advised the Bankruptcy Court that it then anticipated having to spend $821,600 in litigation costs over the next six (6) months, presumably in disputes with the Receiver and/or the FTC.  See, Joint Status Report **[USDC Docket Entry # 677]**.

[22] See, the Joint Status Report **[USDC Docket Entry # 677]**.

[23] See, the Joint Status Report **[USDC Docket Entry # 677]**.

**(3) The skill requisite to perform the legal services properly**. DGD&K believes that the court records in the Bankruptcy Case, the Bankruptcy Adversary Proceeding and in the appeals pending before the California District Court each demonstrate that only skilled and experienced lawyers in the bankruptcy field could represent the Receiver in those proceedings. Attached hereto as **Exhibits "11", "12" and "13"**, respectively, and by this reference incorporated herein, are copies of the court dockets **(as of November 3, 2008)** for the period of time on and after January 1, 2008 in the Bankruptcy Case **(Exhibit "11")**; the Bankruptcy Adversary Proceeding **(Exhibit "12")**; and, the California District Court **(Exhibit "13")**.[24]

**(4) The preclusion of other employment by the attorney due to acceptance of the case**. The intensity of the activity associated with the disputes between Integretel and the Receiver, in multiple courts, required that DGD&K utilize three experienced lawyers, with appropriate allocation of tasks, in the representation of the Receiver.

**(5) The Customary Fee**. As previously discussed, DGD&K's 2008 Hourly Billing Rates Schedule submitted to the Office of the United States Trustee in the Central District of California evidence the fact DGD&K is seeking compensation by this Application based upon Applicant's "customary fee". As previously discussed, Applicant has demonstrated that its 2008 hourly rates utilized in this Application are comparable to, **or less than**, those of other bankruptcy lawyers practicing in 2008 in the Central District of California and/or the Northern District of California.

**(6) Whether the fee is fixed or contingent**. DGD&K received no retainer in connection with its engagement by the Receiver. DGD&K agreed to compensation based upon

---

[24] The FTC also appealed Orders of the Bankruptcy Court to the California District Court, and the FTC's appeal was consolidated with the Receiver's appeal.

this District Court's determinations.  DGD&K has now, in effect, "shouldered the financial burden" of representation of the Receiver in three (3) different proceedings in California for more than nine (9) months.

(7) **Time Limitations Imposed by the Client or the Circumstances**.  The Bankruptcy Case and the Bankruptcy Adversary Proceeding as well as the appeals in the California District Court required DGD&K to provide legal services to the Receiver on relatively short notice. Bankruptcy Courts, particularly in Cases under Chapter 11 of the Bankruptcy Code, typically demand that all counsel proceed with a sense of urgency.

(8) **The Amount Involved and the Results Obtained**.  As previously discussed, to date, DGD&K successfully prevented Integretel from spending the $1,762,762.56 which was one of the subjects of the Omnibus Order of this District Court.  DGD&K assisted the Receiver in the negotiation of a settlement with Integretel under which, among other things, the Receiver will have an allowed claim of $1,762,762.56 in the Bankruptcy Case and be paid immediately the sum of at least $650,000 in cash distributions on account of such allowed claim.

(9)   **The Experience, Reputation and Ability of the Attorneys**.  As previously discussed, DGD&K has been involved in the bankruptcy and the debtor/creditor fields of law in California for more than fifty (50) years, and concentrates its practice in specialized areas including, among others, the representation of receivers.

(10) **The "Undesirability" of the Case**.  As previously discussed, DGD&K agreed to represent the Receiver without any retainer and without any assurance whatsoever as to whether or when or how much this District Court might approve for compensation to DGD&K.

(11) **The Nature and Length of the Professional Relationship with the Client**.  As previously noted, DGD&K did not have any prior relationship with the Receiver before the Bankruptcy Case was commenced.  With respect to David R. Chase, as noted in the Application,

the only prior relationships which DGD&K had with Mr. Chase was his service as an expert witness in one unrelated matter beginning in 1999 and concluding in May of 2007 as well as the fact that a cousin of Mr. Chase is a former employee of DGD&K.

(12) **Awards in similar cases**. DGD&K believes that the November 2, 20007 USBC Decision filed in this District Court as an Exhibit to the Joint Status Report [**USDC Docket Entry #677**] compels the conclusion that DGD&K was confronted with difficult circumstances in connection with its representation of the Receiver in California.


Dated, on this 4th day of November, 2008, at Los Angeles, California.



Howard Kollitz [pro hac vice] for
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067
Telephone: 310.277.5735
Facsimile: 310.277.5735
Email:  HKollitz@dgdk.com

## <u>DECLARATION OF HOWARD KOLLITZ IN</u>

## <u>SUPPORT OF APPLICATION OF DGD&K</u>

The Declaration of **HOWARD KOLLITZ** states:

1.       I am a lawyer and a member in good standing of the State Bar of California, the Bars of the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States.  I have also been admitted on a pro hac vice basis to the Bar of the United States District Court for the Southern District of Florida ("this Court"), based upon the Motion filed in this Court on November 28, 2007 **[USDC Docket Entry # 698]**.

2.       My admission to the Bar of this Court, on such pro hac vice basis, was for the very limited purpose of allowing me to appear on behalf of Danning, Gill, Diamond & Kollitz, LLP ("DGD&K") in this Court to seek the approval of compensation for legal services and related expenses earned or incurred by DGD&K as special bankruptcy counsel in California to David R. Chase, as Receiver in Case No. 06-80180-CIV-Ryskamp.

3.       I am the principal of a professional corporation which is an equity partner in DGD&K, a limited liability partnership composed of professional corporations, located in Los Angeles, California.

4.       I am the lawyer primarily responsible for the preparation of the Application Of Danning, Gill, Diamond & Kollitz, LLP, As Special Bankruptcy Counsel In California To The Receiver, For Order Approving 2008 Compensation On A Final Basis And Confirming Approval Of 2007 Interim Compensation On A Final Basis ("the Application").

5.     The statements set forth in the Application are true and correct to the best of my knowledge, information and belief.

6.     I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would, competently testify to such facts.

I declare, under penalty of perjury and subject to the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed, on this 4th day of November, 2008, at Los Angeles, California.

Howard Kollitz of
Danning, Gill, Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067
Telephone: 310.277.5735
Facsimile: 310.277.5735
Email:  HKollitz@dgdk.com

## CERTIFICATION UNDER LOCAL RULE 7.1.A.3.

Pursuant to Local Rule 7.1.A.3., the undersigned counsel hereby certifies that, prior to the

filing of the attached Application Of Danning, Gill, Diamond & Kollitz, LLP, As Special

Bankruptcy Counsel In California To The Receiver, For Order Approving 2008 Compensation

On Final Basis And Confirming Approval Of 2007 Interim Compensation On Final Basis ("the

DGD&K Application"), in Case No. 06-80180-CIV-RYSKAMP pending in the United States

District Court for the Southern District of Florida ("the Civil Action"), the undersigned will

communicate by and through the undersigned's designated local counsel (who is a member of

the Bar of this District Court with an office in this District), Jeffrey C. Schneider of Tew

Cardenas LLP, who is also the general counsel to David R. Chase, as the Receiver in the Civil

Action, with the parties in interest in the Civil Action (to be identified and contacted by Mr.

Schneider) to inquire if there would be any opposition to the relief requested by the DGD&K

Application.

I believe that evidence of such communication from Mr. Schneider, on behalf of the

undersigned and addressed to the parties in interest concerning, among other matters, the

compensation to be requested by the DGD&K Application, will be attached to the separate

application for compensation to be filed by Tew Cardenas LLP, as an Exhibit thereto, and, by

this reference, incorporated herein.

If the undersigned has not been advised through Mr. Schneider of any timely objection to

the relief requested by the undersigned in the DGD&K Application, the undersigned has

requested that Tew Cardenas LLP serve and file the DGD&K Application with this District

Court.  If there is timely objection to the relief requested by the DGD&K Application, then, by

this Certification, the undersigned requests Mr. Schneider to obtain an extension of time from

this District Court to serve and file the DGD&K Application so that the undersigned can attempt

to resolve any such objection before filing the DGD&K Application.


Dated:  November 4, 2008

Howard Kollitz [pro hac vice] for
**DANNING, GILL, DIAMOND &
KOLLITZ LLP**
2029 Century Park East, Third Floor
Los Angeles, California 90067
Telephone: 310.277.5735
Facsimile: 310.277.5735
Email:  HKollitz@dgdk.com